**BOWEN et al. v. BERNARD et al.**

No. 3139.

Circuit Court of Appeals, First Circuit.

Nov. 5, 1936.

---

John H. Sanders, of Concord, N. H. (Robert W. Upton, of Concord, N. H., and Dennis E. Sullivan, of Franklin, N. H., on the brief), for petitioners.

Raymond U. Smith, of Concord, N. H. (John F. Daly, of Boston, Mass., and Theo. S. Jewett, of Laconia, N. H., on the brief), for respondents.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

The petitioners ask leave to file bills for review of the findings and decrees in two bills in equity brought by the petitioners against the defendants, seeking to have recourse to a certain policy of indemnity insurance issued by the defendant Phœnix Indemnity Company to the defendant Eva Cote, covering the operation of a certain C. A. Reo sedan, and effective for one year from July 28, 1931.

On September 7, 1931, the plaintiffs were injured in a collision between their automobile and the C. A. Reo sedan which was then being operated by the defendant Ulrac Soucy. The plaintiffs brought separate actions at law against Soucy in the U. S. District Court to recover damages, and on January 19, 1932, judgment was rendered in each case in favor of the plaintiff.

The defendant Phœnix Indemnity Company having denied liability under its policy of indemnity insurance, a bill in equity was brought by each plaintiff in the state court to determine its liability. Upon a hearing in the United States District Court for New Hampshire, to which the bills in equity were removed on motion of the Phœnix Indemnity Company, decrees were entered dismissing the bills. Bowen v. Soucy, 2 F.Supp. 481.

The plaintiffs then took appeals from the decrees of the District Court to this court, which affirmed the decrees of the District Court dismissing the bills. Bowen v. Cote, 69 F.(2d) 136.

On March 26, 1936, the plaintiffs filed these petitions for leave to file bills of review of the findings and decrees in the bills in equity, alleging newly discovered evidence which they contend disclosed that the decrees resulted from the fraud and perjury of the defendants Cote and Soucy.

According to the evidence at the hearing on the bills in equity against the defendants, the C. A. Reo sedan, which was being operated by the defendant Soucy at the time of the accident, was given to the defendant Eva Cote by one Taylor, a cousin of Soucy, with the understanding that Soucy might also have the use of the same, but, since his license to operate a motor vehicle in New Hampshire had been suspended, permission should be given by said Cote for its use by Soucy only in case it was driven by some one having a license to drive in New Hampshire.

It appeared from the evidence in the equity suits that Cote kept the keys to the car, which Soucy was obliged to obtain before he could take the car out. It also appeared that on the day preceding the accident, accompanied by one Bournival, Soucy went to Cote and obtained her permission to take the car, and Cote, knowing that Bournival was a licensed operator, and had previously driven the car for Soucy, gave her permission and gave the keys of the car to Soucy upon the condition that Bournival should drive.

Soucy and Bournival then went for the car and, accompanied by a Miss Huard, a friend of Bournival, Bournival drove the car to Boston and back to Manchester, N. H., arriving at Manchester, where they all resided, in the early hours of the next morning, and Bournival left the car to go to his work. Soucy, accompanied by the girl Huard, then undertook to drive the car himself to the Hotel Balsams at Dixville Notch in New Hampshire, and on the way the accident occurred.

The insurance policy contained the following clause:

"B–2. The unqualified term 'assured' wherever used in this policy shall include the assured named in the declarations and any other person legally operating any of the automobiles described in the declarations and any person, firm or corporation legally responsible for the operation thereof, provided such operation is with the permission of the named assured. * * *"

The policy also bore an indorsement by which the provisions of chapter 54 of the New Hampshire Laws of 1927 were made a part thereof, which provide that every motor vehicle liability policy shall include "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle or trailer with his express or implied consent, against loss by reason of the liability to pay damages to others." Section 1, subd. 2.

The bills in equity were dismissed on the ground that Soucy, in driving the automobile at the time of the accident, did not have the express or implied consent of the defendant Cote within the meaning of the policy; that her permission to use the car was with the express understanding that he be accompanied by a licensed driver who would operate the car; and that, when he took it himself to drive, it was a violation of the provisions of the policy and the indemnity company was not liable.

The plaintiffs now present with their petitions for leave to file bills of review certain depositions of several people in Worcester, Mass., to the effect that Soucy sometimes drove the C. A. Reo sedan alone in Massachusetts, but whether with the permission or knowledge of Cote does not appear. The petitioners also present affidavits of the owners of the Dover Motor Sales Company of Dover, N. H., of whom Soucy obtained the car, to the effect that Soucy originally owned a Flying Cloud sedan and in the early part of 1930 exchanged it with said Dover Motor Sales Company for the C. A. Reo sedan, which he was driving at the time of the accident; that Soucy personally negotiated the exchange of the Flying Cloud sedan for the C. A. Reo sedan involved in the accident and paid the difference in price of $500 or $600 in cash; that the bill of sale was made out by one of the partners of the Dover Motor Sales Company directly to Soucy; that some time in 1931, Soucy had a bill of sale to the car made out by the Dover Motor Sales Company to Taylor. The car on February 14, 1930, was registered in the name of Taylor, and, on February 10, 1931, it was transferred by Taylor to Cote, in whose name the car was registered at the time of the accident.

It is now contended by the petitioners that the testimony of Cote and Soucy at the hearing on the original bills in equity to the effect that the car was given to her by Taylor and with the understanding that Soucy might have some use of it with her permission, provided he was accompanied by a licensed driver, was false, and the decrees dismissing the bills in equity were the result of fraud and the perjured testimony of Cote and Soucy.

It is further contended by the petitioners that, while Taylor and Cote may have taken the legal title to the car and had it registered in their name, she and Taylor in so doing acted as the agent or trustee for Soucy, who, as the beneficial owner of the car, was entitled to use it at any time he saw fit, with or without her consent, or at least with her implied consent.

The question presented by these petitions is whether a different result is probable on review. It is contended by the indemnity company that it had no knowledge of the relations between Cote, Taylor, and Soucy, and to permit the plaintiffs to claim now that Soucy was the beneficial owner of the car and had a right to operate it, with or without Miss Cote's consent, even though he had no lawful right to operate the car on the highways and was covered by the policy, would be a fraud upon the indemnity company, and that it is not liable in this instance under a policy of insurance insuring Cote or any one lawfully operating the car with her consent. Any statements by Soucy as to his use of the car as set forth in the affidavits of certain people in Worcester can have little weight in changing the result.

At the time the accident occurred, Soucy made no claim that he had a right to use the car regardless of the consent of Cote; and, according to the testimony of an apparently disinterested witness, Bournival, he and Soucy went to Miss Cote and obtained her permission to use the car, on the condition that

Bournival went along as the operator. Such express consent precludes any implied consent for Soucy to use it on this occasion as he saw fit.

Whatever Soucy's interest in the car was, it is clear it was not expressly covered by the policy and information as to his interest therein, and that his license to operate a car on the highways had been suspended was withheld from the indemnity company. It is difficult to believe that an indemnity company would knowingly have issued a policy of insurance covering the operation of a car by a person whose license to operate had been suspended. To construe this policy as covering the right of Soucy, an unlicensed driver, to drive the car without the assured's consent, would be a fraud upon the indemnity company.

The indemnity company contends that the plaintiffs did not exercise diligence in obtaining the evidence which they now present in their affidavits. This, however, may be a question for the District Court on the evidence before it, in case the petitions of the plaintiffs were granted.

[2] The allowance of a petition for review of bills in equity rests in the sound discretion of the court.

The petitions for leave to file bills of review are dismissed.